MOWRER v. MOWRER.

1. DIVORCE—COURT OF APPEALS—DE NOVO REVIEW.
   The review of an action for divorce by the Court of Appeals is on a *de novo* basis.

2. SAME—AMENDMENT—SUCCESSORS IN OFFICE.
   Provision in amended divorce decree admonishing plaintiff "not to seek amendment of the decree unless faced with an emergency medical or hospital expense" *held,* unenforceable and nugatory, since a judge may not close the doors of his courtroom to any plaintiff, and he may not prejudice or foreclose successors in office from entertaining any properly filed petition.

3. SAME—CHILD SUPPORT—INADEQUATE ALIMONY.
   Order of trial court which awarded divorced wife $10 alimony per month, and $110 per month for child support, where the income of the father had increased appreciably, *held,* proper as to the amount for child support, but award for alimony is increased to $40 per month, $10 per month being grossly inadequate, without prejudice to application for future increase based upon further showing of wife's personal expenses.

4. SAME—CHILD SUPPORT BEYOND AGE 17—COLLEGE EDUCATION.
   The matter of a college education of children of parties to action for divorce may be considered as a ground for continuing child support payments beyond age 17, being terminable upon termination of enrollment as a full-time student in an accredited institution of higher education, graduation, or attainment of age 21.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 703, 868.
[2] 24 Am Jur 2d, Divorce and Separation § 423; 30A Am Jur, Judgments § 629.
[3] 24 Am Jur 2d, Divorce and Separation §§ 626, 630-633.
[4] 24 Am Jur 2d, Divorce and Separation § 848.
   Education as element in allowance for benefit of child in decree of divorce or separation. 133 ALR 902, 56 ALR2d 1207.

Appeal from Manistee; Stephens (Rupert B.) and Peterson (William R.), JJ. Submitted Division 3 December 7, 1965, at Grand Rapids. (Docket No. 373.) Decided June 28, 1966.

Petition by Roberta E. Mowrer against James A. Mowrer to amend divorce decree to increase alimony and child support payments. Court amended the decree to increase payment from $80 to $120 per month. Plaintiff appeals. Remanded *sua sponte* by Court of Appeals for testimony as to defendant's income. Decree modified to provide child support of $110 per month so long as son remains in college, and alimony of $40 a month.

*David L. Bailey,* for plaintiff.

*John E. Hart,* for defendant.

FITZGERALD, P. J. The parties herein were divorced October 24, 1950, in the circuit court for the county of Manistee. Appellant was plaintiff in that action.

Incorporated in the decree of divorce was this statement:

"It is further ordered, adjudged and decreed that the defendant shall pay unto the clerk for the county of Manistee the sum of $50 each and every month, until the further order of the court, for the support of this plaintiff and the minor child, James Newell Mowrer; the first of such above mentioned payment to be made on or before November 1, 1950, and to continue as above provided until the further order of the court."

It will be noted that in this decree no allocation between child support for the minor child and ali-

mony for the plaintiff was made by the court, but
that rather the sum awarded was a lump sum, pre-
sumptively for the benefit of both.

The decree further pointed out that the defendant
left his studies at school under the auspices of the
veterans' administration and "is now working, but
that such employment is only recent and that his
financial condition is not good; that he has lost
considerable time from his employment due to his
being required to appear in this court because of
another matter growing out of the present marital
difficulties, and that this should be taken into consid-
eration in fixing the amount to be paid for the sup-
port of the minor child and the plaintiff herein."

On December 21, 1951, plaintiff petitioned for an
increase in the allowance and an order was entered
raising the allowance from $50 to $60 each month.
Again, no allocation between child support and ali-
mony being made. On December 28, 1954, a petition
was filed requesting an increase in the allowance
and resulted in an order increasing payments to $90
per month for a period of 6 months, and thereafter
to $80 per month. The order further provided for
an automatic reduction in such sum in the event
the defendant's earnings were reduced. There was
a further provision in the order, as follows:

"It is further ordered and adjudged that the
plaintiff shall not again petition this court for an
amendment of said decree of divorce unless she
shall be faced with an emergency medical or hospital
expense of herself or the son of the parties hereto
so as to justify an emergency payment."

There was no request for rehearing on this matter,
nor was there an appeal taken from that order.

No further proceedings were instituted until No-
vember 14, 1962, the action which brings about the
instant appeal. As a result of that hearing, the trial

court amended the decree to provide for payments of $120 per month, and again no allocation between child support and alimony was made save for this reference in the trial court's opinion:

"It seems obvious from the terminology appearing in the decree that it was the intention of the parties, as well as the court, that a portion of the allowance was to be support for her, or as we sometimes say, alimony for the wife as distinguished from child support. The support for the wife will continue as long as the need exists commensurate with the defendant's ability to pay. Whereas, the support for the son shall terminate upon the completion of his education when he becomes self-sustaining."

While this portion of the order does not indicate the court's thinking on the matter of allocation of child support and alimony, it at least furnished some insight into the approach regarding the duration of the award.

The appeal from this order questions whether the sum of $120 monthly was a reasonable amount and whether the lower court was prejudiced in the case because of an order in the file made by a different judge, specifically that portion of the order stating that plaintiff should not again petition for an amendment of the decree unless faced with emergency medical or hospital expense for herself or the son of the parties.

The record on appeal disclosed that an affidavit from the manager of the payroll accounting department of the Lockheed Georgia Company, Marietta, Georgia, defendant's employer, had not been admitted into evidence on the hearing of the matter. Accordingly, on the authority of *Cartwright* v. *Cartwright* (1954), 341 Mich 68, this Court on January 11, 1966, on its own motion, remanded the matter to the circuit court for taking of further testimony

relative to the earnings of defendant and for formal
admission as evidence of certain exhibits relative
to said earnings. The order provided that the trial
court allocate the award in this cause into the pro-
portion representing alimony and the proportion
representing child support.

Subsequent to this remand, the circuit judge, Hon-
orable Rupert B. Stephens, died, and the matter was
heard on April 19, 1966, before a visiting judge.

At that hearing, the affidavit relative to the an-
nual earnings of defendant for the years 1955
through 1964 was received as an exhibit by stipula-
tion and nothing further offered pertaining to the
income of defendant. On the matter of allocation of
the award between child support and alimony, the
court stated as follows:

"The court is in a difficult position in attempting
to comply with the request of the Court of Appeals
in respect to the directive that the award be allo-
cated between child support and alimony. At no
point in the history of this case has that ever been
done. The original award was made in a joint
designation for the support of the wife and the minor
child, and increases thereafter have never been allo-
cated between the two. What the basis of the award
was at the beginning, I am unable to say. The
judge who made the award is now deceased, having
retired from this bench after granting the original
decree. And, what was in the mind of the successor
judge who granted the most recent increase, I can-
not say, since he is now deceased and leaves no rec-
ord of his mental impressions of the needs of the
parties and the manner in which it ought to be
allocated. I can say that from having been a visit-
ing judge here, and determined the custom of sup-
port, the extent to which the court occasionally made
reference to a standard table of support seemed to
indicate that the total amount of the award most
recently made by the court would be somewhat less

than would normally be granted for child support, so that if this is taken as any criteria it would be indicative of an intention on the part of the trial judge to make the award, insofar as it was alimony, nominal only. I am going to proceed on that basis and allocate for the record the award of $120 a month as constituting alimony in the amount of $10 and child support in the amount of $110, with the frank statement that I have no real notion of what was in the mind of the original judge or the judge who thereafter made orders amending the original decree. I think that perhaps that would suffice if the statements of these proceedings be transcribed and certified back to the court."

It is obvious from the foregoing that the visiting judge found himself at as much disadvantage in reviewing this matter as this Court would were it not for the fact that this appeal is before us on a *de novo* basis. Addressing ourselves specifically to the questions raised in this appeal, we hold that the portion of the prior decree admonishing plaintiff "not to seek amendment of the decree unless faced with an emergency medical or hospital expense" was unenforceable and nugatory.

A judge may not close the doors of his courtroom to any plaintiff. His judgment and discretion are his bulwark in matters brought before him, and he may not prejudice or foreclose successors in office from entertaining any properly filed petition. Nowhere does the record disclose that his successor was influenced or prejudiced by the circumscribed terms of this order.

Relative to the matter of the reasonableness of the $120-a-month award, and the subsequent apportionment of that sum between alimony and child support, we must take a different view. The affidavit filed, following order of this Court, indicated

earnings on the part of defendant increasing over
the years, as follows:

| "YEAR ENDING DEC. 31 | GROSS EARNINGS |
|---|---|
| 1955 | $ 8,848.35 |
| 1956 | 10,241.78 |
| 1957 | 10,163.16 |
| 1958 | 11,535.35 |
| 1959 | 12,774.60 |
| 1960 | 12,873.40 |
| 1961 | 13,295.51 |
| 1962 | 13,686.08 |
| 1963 | 16,075.83 |
| 1964 | 16,676.70" |

The net effect of the most recent order in this
cause, awarding plaintiff the sum of $10 per month
of the total of $120, strikes this Court as grossly
inadequate in light of these earnings. This amounts
to the sum of $2.50 a week, scarcely a token, and
is such that we cannot in good conscience allow it
to stand at that figure.

Accordingly, the award of $110 a month child sup-
port is affirmed, and the alimony for plaintiff is in-
creased to the sum of $40 a month without prejudice
on her part to seek a further increase therein based
on a more up-to-date showing of her personal ex-
penses. Previous testimony and exhibits had con-
sidered the expenses of plaintiff and her son togeth-
er, and it is the feeling of the Court that the child
support money, increased as it is to the sum of $110
per month, adequately provides for him. If plaintiff
can demonstrate her present circumstances, the
court may appropriately entertain a petition for
further amendment of her award.

At the original hearing on the petition to increase
child support and alimony, the matter of a college
education for the son of the parties was raised, but

not ruled upon directly. Reference, however, to the original order arising from this hearing reveals specifically that the award "shall terminate upon the completion of his education when he becomes self-sustaining."

It has been held by our Supreme Court that the matter of a college education is not taken lightly and may be considered as a ground for continuing child support payments beyond age 17. *Titus* v. *Titus* (1945), 311 Mich 434; *Mapes* v. *Mapes* (1953), 336 Mich 137.

In reviewing this record, we feel that the "exceptional circumstances" set forth in CL 1948, § 552.17a (Stat Ann 1951 Cum Supp § 25.97[1]) have been met so that we may properly order that the payments for the son of the parties shall continue so long as he is enrolled as a full-time student in an accredited institution of higher education. Upon graduation or termination of his education for any reason, the said payments may cease so far as the matter of child support is concerned and in any event shall not continue beyond his attaining the age of 21. *Johnson* v. *Johnson* (1956), 346 Mich 418.

Remanded to the circuit court for the county of Manistee for proceedings in conformity with this opinion.

HOLBROOK and T. G. KAVANAGH, JJ., concurred.