## MOWRER *v.* MOWRER

1. DIVORCE—CHILD SUPPORT—COLLEGE EDUCATION—RETROACTIVE SUPPORT.

Child support, in an amount to be determined after a hearing, must be paid by a father for a period of 2–1/2 years for the purpose of college education of his son where the mother brought a petition to enforce a Court of Appeals decision that the father must pay such support until the child ceased his education, became self-sustaining, or in any event reached age 21 even though at the time of the petition the child was over 21 and had been self-sustaining and had ceased his education when he had completed high school at age 18–1/2, where it was shown that the sole cause for the child's ceasing school attendance and becoming self-sustaining was the failure of the father to pay support ordered prior to the Court of Appeals decision.

2. DIVORCE—ALIMONY—INCREASE IN ALIMONY.

An increase in alimony from $80 per month to $100 per month is warranted where the former husband's gross income has increased from $16,000 to $21,000 per year, other factors not having changed.

3. DIVORCE—APPEAL AND ERROR—JURISDICTION.

An appeal by a mother from an order of the circuit court granting her an increase in alimony but nothing for her son's education does not deprive the circuit court of jurisdiction to enforce all orders against her ex-husband which would not be modified adversely to her on appeal.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation § 655 *et seq.*
[2] 24 Am Jur 2d, Divorce and Separation § 630 *et seq.*
[3] 24 Am Jur 2d, Divorce and Separation § 535 *et seq.*

Appeal from Manistee, Charles A. Wickens, J. Submitted Division 3 October 8, 1970, at Grand Rapids. (Docket No. 8544.) Decided April 27, 1971.

Petition by Roberta E. Mowrer for a judgment enforcing a Court of Appeals decision granting payments for her son to continue his education and for an increase in support payments from James A. Mowrer. Petition denied. Plaintiff appeals. Remanded for further proceedings.

Roberta E. Mowrer, *in propria persona.*

Before: HOLBROOK, P. J., and R. B. BURNS and J. J. KELLEY, JR.,* JJ.

PER CURIAM. Under the terms of the divorce decree, granted in 1950, appellant received custody of the only child, a son, James Newell, born August 1, 1946. The history of subsequent proceedings is set forth in the 1966 opinion of this Court, reported in 3 Mich App 516, pursuant to which the plaintiff, Mrs. Mowrer, appellant here, received an increase in alimony and child support. That opinion concluded:

"Reference, however, to the original order arising from this hearing reveals specifically that the award 'shall terminate upon the completion of his education when he becomes self-sustaining.'

"It has been held by our Supreme Court that the matter of a college education is not taken lightly and may be considered as a ground for continuing child support payments beyond age 17 * * * .

"In reviewing this record, we feel that the 'exceptional circumstances' set forth in CL 1948, § 552.17a (Stat Ann 1951 Cum Supp § 25.97[1]) have been

---

* Circuit judge, sitting on the Court of Appeals by assignment.

met so that we may properly order that the payments for the son of the parties shall continue so long as he is enrolled as a full-time student in an accredited institution of higher education. Upon graduation or termination of his education for any reason, the said payments may cease so far as the matter of child support is concerned and in any event shall not continue beyond his attaining the age of 21."

Due to inaction of the parties, no further proceedings were conducted in circuit court until January 1968, at which time plaintiff filed a petition for "implementation" of the opinion of the Court of Appeals and for an increase in support. After a hearing the circuit court determined or ordered:

(a) Support for the son shall terminate as of June 1965, at which time he completed his high school education;

(b) Plaintiff is entitled to alimony of $40 per month from July 22, 1966 until February 12, 1968;

(c) Plaintiff is entitled to alimony of $80 per month beginning February 12, 1968;

(d) From March 20, 1963 to July 23, 1966 (40 months) $120 per month was due for support of plaintiff and the child;

(e) From July 22, 1966 to February 12, 1968 (19 months) $40 per month alimony was due; and

(f) After February 12, 1968 $80 per month as alimony.

In 1969 plaintiff incorporated in a new petition her request for rehearing of her previous petition and a request for an increase in support, alleging that the sole reason for the child having stopped his education in June, 1965, was to seek employment to support himself and plaintiff, who was unable to work, because defendant had refused to support them.

Subsequently the court determined that in view of the son's age and emancipation, it had no authority to require defendant to pay for the child's college education, affirmed the increase in alimony as ordered in 1968, and determined the arrearages to be $3,590 through March, 1970. Plaintiff appealed, acting *in propria persona*. Defendant filed no brief.

The record indicates that the circuit judges who conducted the numerous proceedings performed their duties with thoroughness and great patience.

Plaintiff claims: (1) the circuit court should have used an earlier retroactive date in determining the amount of alimony; (2) alimony should have been increased to an amount higher than $80 per month; and (3) the circuit court had authority to order support money paid while the son attended college, and should have so ordered.

(1) *An earlier retroactive date.*

To make an order for alimony retroactive to a date prior to the filing of a petition therefor, would be tantamount to the making of an ex parte order. The court used the proper retroactive date.

(2) *Greater increase in alimony.*

Between 1964 and 1967, the defendant's gross earnings increased from $16,676.70 to $21,812. With the other circumstances present this increase in salary justifies a greater increase in alimony than granted. Alimony in the amount of $100 per month is ordered, beginning as of February 12, 1968.

(3) *College education.*

Our 1966 opinion which postdated the son's graduation from high school clearly contemplated that defendant should continue to pay support money if the parties' son attended college. Without contradiction by defendant, plaintiff ascribes defendant's failure to pay support as the cause of the son's lack

of attendance at college. Under these circumstances it remains the defendant's obligation to furnish that which he should have furnished previously.

At the time he finished his high school attendance the son's age was 18 years, 10 months, or 2 years and 2 months short of 21 years. Accordingly, if the son enrolls as a full-time student in a duly accredited institution of higher learning to begin in the late summer or early autumn of 1971, defendant shall pay support in an amount to be fixed by the circuit court, which shall reflect the realistic cost of such education at an institution reasonably selected. Periodic payments of support shall begin as of the date of the son's first actual attendance as scheduled, and shall continue for as long as he is in continuous, full-time enrollment and attendance at such an institution, excluding summer vacation periods, but not to exceed two years and two months of schooling from the date the first payment becomes due. The circuit court shall determine the reasonableness of any proposal for the son's school or college attendance and shall hold such hearings and make such orders as may be required.

By implication the record presents another question which should be decided. The circuit court determined that defendant had paid only a part of the sums due in 1966 and 1967, and nothing in subsequent years, creating an arrearage of over $3,500. As defendant advocated, the court further determined that plaintiff's appeals to this Court deprived the circuit court of jurisdiction to conduct proceedings in the nature of show-cause and contempt.

As noted, following hearing of her petition plaintiff was granted some increase in alimony and nothing for the son's higher education. She appealed. Defendant did not appeal. Under these circumstances the circuit court retained jurisdiction

to enforce all orders which would not be modified adversely to plaintiff on appeal, namely, the order for the increased alimony and prior orders which required payment. No provision of any statute or court rule was intended to deprive the court of such jurisdiction. The cases cited in the circuit court do not apply to this type of situation.

Remanded for proceedings in conformity with this opinion.